# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI DIOQUINO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 20-cv-0167-BAS-RBB<br><br>**ORDER DENYING MOTION TO SEAL (ECF No. 23)** |

Defendant is moving for partial summary judgment on Plaintiff's action under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 22.) In support of its motion, Defendant moves to seal the claim files for Plaintiff's disability claims. (ECF No. 23.) These files total "937 pages, many of which contain personal and private information relating to Plaintiff, including her Social Security Number, date of birth, medial information, and financial information." (*Id.*) Hence, Defendant argues "it would be very burdensome to redact all of that information from the voluminous records." (*Id.*) Plaintiff does not oppose the sealing request. (*Id.*)

## I.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*

*v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent— to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.* (citing Foltz, 331 F.3d at 1136).  The decision to seal documents is "one best left to the sound discretion of the trial

court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II. ANALYSIS

Defendant's motion to seal is not well taken. The compelling reasons standard applies to its motion for partial summary judgment. And it cannot be the case that there are compelling reasons to seal all of Plaintiff's claim files, which include routine correspondence and other items. Judge Hays aptly rejected a similar request:

> In order to seal the administrative record in this case, as opposed to simply redacting the portions which must be redacted pursuant to Federal Rule of Civil Procedure 5.2(a), the parties must satisfy the "compelling reason" standard established by *Foltz* and *Kamakana*. *See Fotlz*, 331 F.3d at 1135; *Kamakana*, 447 F.3d at 1278–79. The parties' motion is solely based on the difficulty of redacting 4,500 pages of documents, a task which they contend is "impracticable." The work of redacting these documents is not a "compelling reason" to override the public's right of access to court records. While it may be burdensome for the parties to comply with Federal Rule of Civil Procedure 5.2, the Court finds that any burden to the parties does not overcome the "strong presumption in favor of access to court records." *See Kamakana,* 447 F.3d at 1278–79.

*Nash v. Life Ins. Co. of N. Am.*, No. 08-cv-893 WQH RBB, 2010 WL 2044935, at *1 (S.D. Cal. May 18, 2010).

Further, although the documents are largely composed of Plaintiff's medical records, in which Plaintiff has a privacy interest, Plaintiff has placed her "medical condition at issue by filing this ERISA action." *See, e.g., Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *2 (D. Ariz. Apr. 2, 2019) ("Considering the asserted importance of the medical records to the case, Plaintiff's privacy interest does not outweigh the 'public interest in understanding the judicial process.'").

Accordingly, the Court **DENIES** the motion to seal (ECF No. 23). The Court **ORDERS** Defendant to lodge with the Court an electronic copy of the claim files

1  that redacts Plaintiff's Social Security number, birthdate, and any financial account
2  numbers. *See* Fed. R. Civ. P. 5.2(a); *see also* S.D. Cal. Electronic Case Filing
3  Administrative Policies and Procedures Manual § 1.h. (listing the privacy
4  requirements for electronic filings in this district). The Court will then file the claim
5  files on the docket restricted to case participants and public terminal users in the
6  courthouse. *Cf.* Fed. R. Civ. P. 5.2(c). Defendant must do so by **Friday, April 2,**
7  **2021**.

8       **IT IS SO ORDERED.**

10 **DATED: March 9, 2021**

                                              Hon. Cynthia Bashant
                                              United States District Judge